Opinion op the Court,
by Ch. J. Boyle.
THE only pretext for relief in this case, against the bond, to stay proceedings upon which, the injunction was obtained, is, that the property of the goods s°hl was not in the defendant in the execution under which they were sold, and that they were not therefore liable to the execution. But, upon the principles set^e<^ case Gee vs. Ellis, fyc. 4 Lift. Rep. 344, the complainants were not entitled to relief upon this ground, and the bill was consequently properly dismissed, and the injunction dissolved, by the circuit court. But we can perceive no principle which can the refusal of that court to give to the defenten per centum damages upon the amount for which the injunction is dissolved. The sale bond has by law the force and effect of a judgment, and where an injunction is obtained to a judgment, and the injunction is dissolved in whole or in part, the law explicitly requires that the complainant shall pay ten per centum, exclusive of legal interest, upon the sum for which it shall be dissolved. The only exception to this requisition, which has ever been allowed, is the case of an injunction being obtained for good cause, and afterwards dissolved, on the ground that the cause for it had, in the mean time, been removed. But, in this case, there existed no cause for the injunction, at the time it was obtained, and it was therefore wrong ab initio.
The decree, therefore, dismissing the bill and dissolving the injunction, must be affirmed; and the decree, so far as it refuses to make the complainants pay ten . per centum damages upon the amount of the sale bond, must be reversed, and the cause be remanded, that a decree therefor may be entered. Pendleton, must recover his costs in both appeals..