Chief Justice Robertson
delivered the Opinion of the Court,
As there was but one order for an injunction in this case, .. - . . .. , . , . . . the Circuit Judge erréd m dissolving the injunction twice, and in giving two distinct and separate decrees for ten ° c A par cent damages.
As the statute which directs a decree for damages on the dissolution of an injunction against a “judgment” has been construed not to apply to injunctions against decrees, and, as it was a replevin bond given in satisfaction of a decree for money which was enjoined in this case, the counsel for the plaintiff in error insists, that no decree for damages was proper.
But we entertain a different opinion. A replevin bond, whether given in discharge of a decree or a judgment, has equally the essential attributes of a judgment. , ihe replevin bond merged and discharged the decree as effectually as a formal judgment in aii action of debt on the decree would have done; and, in the case of Fawcet et al. v. Pendleton; 5 Litt. Rep. 136, this Court decided that, on the dissolution of an injunction restraining the enforcement of a sale bond, it was proper to decree ten per cent damages, because such a bond bad wthé force and effect of a judgment,”
We are, therefore, of the opinion that the decree for damages on one dissolution wrould be proper in this case. *290 Wherefore, as we are not satisfied that the true amount was decreed on either dissolution, both decrees for damages are reversed, and the cause remanded with instructions to decree ten per cent, damages on the amount enjoined, to be calculated at the time when the injunction was served.
As we perceive no other error, the decree, in other respects, is affirmed.